IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERREK DWIGHT GILLIAM,
an individual,

        Plaintiff,

   v.

CAIN PETROLEUM, INC.,
an Oregon Corporation,

        Defendant.

No. 3:22-cv-01267-HZ

OPINION & ORDER

Derrek Dwight Gilliam
1435 NE 81st Ave #100
Portland, OR 97213

   *Pro Se*

Bradley J. Krupicka
Barber Ranen LLP
2000 NE 42nd Ave
Portland, OR 97213

   Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Cain Petroleum moves for an order compelling Plaintiff Derrek Dwight Gilliam to serve initial disclosures and respond to Defendant's written discovery requests. Def. Mot. to Compel 2, ECF 53. Defendant also moves to extend the discovery deadline by 60 days. *Id.* For the following reasons, the Court declines to compel further written discovery at this time and grants Defendant's request to extend the discovery deadline.

## BACKGROUND

On August 10, 2022, Plaintiff sued Defendant, alleging racial discrimination in employment. Compl. 20-21, ECF 1. Plaintiff has at all times proceeded pro se and *in forma pauperis* in this litigation. The Court held a Rule 16 conference on January 3, 2023, which set a discovery deadline of June 16, 2023. ECF 29. Defendant served its first requests for production and interrogatories on Plaintiff on January 9, 2023. Krupicka Decl. ¶¶ 6-7, Exs. 5-6, ECF 54. The parties have communicated about Plaintiff's responses. *See generally* Krupicka Decl. The Court held two telephone conferences regarding Plaintiff's incomplete initial disclosures, limited written responses, and lack of document production: one on January 26, 2023, and one on March 22, 2023. ECF 34, 50. Plaintiff provided brief answers to Defendant's interrogatories by email on April 26, 2023. Krupicka Decl. Ex. 19. There is no evidence that Plaintiff has responded to Defendant's requests for production. Defendant moves for an order compelling Plaintiff to serve complete initial disclosures as required under the Federal Rules of Civil Procedure and Local Rule 26-7(b), and to respond to Defendant's interrogatories and requests for production. Def. Mot. to Compel 2. Defendant also moves that the discovery deadline be extended 60 days. *Id.* Plaintiff objects generally to Defendant's Motion. Pl. Resp., ECF 56.

**STANDARDS**

The scope of discovery in civil cases is broad. In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In addition to the obligation to respond to discovery requests, a party must supplement or correct its responses as necessary for the response to be complete. Fed. R. Civ. P. 26(e)(1). "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A motion to compel may be filed if a party fails to make its initial disclosures. Fed. R. Civ. P. 37(a)(3)(A). A motion to compel may also be filed if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

**DISCUSSION**

After reviewing the record, the Court concludes that Plaintiff has not provided complete initial disclosures and has not fully responded to Defendant's interrogatories or produced any documents responsive to Defendant's requests for production. *See* Krupicka Decl. Exs. 10, 15, 19. However, it is apparent to the Court that Defendant's interrogatories and requests for production request the information and documents Plaintiff must disclose under Rule 26(a)(1)(A) and Local Rule 26-7(b). *See* Krupicka Decl. Exs. 5-6. The Court therefore finds it unnecessary to order Plaintiff to supplement his incomplete initial disclosures. It is also apparent to the Court that ordering Plaintiff to respond more fully in writing to Defendant's interrogatories and requests for production is unlikely to be effective in advancing discovery in this case.

3 – OPINION & ORDER

The Court therefore directs Defendant to proceed in deposing Plaintiff pursuant to Federal Rule of Civil Procedure 30. If, during the course of the deposition, Plaintiff references or confirms the existence of discoverable documents responsive to Defendant's discovery requests, Defendant may request those documents from Plaintiff, and Plaintiff should provide them within fourteen days of the request. Defendant may request that the Court allow additional time for Plaintiff's deposition if it becomes necessary. If any disputes arise surrounding Plaintiff's deposition, the parties should contact the Court to schedule a discovery conference.

Because Defendant has been diligent in pursuing discovery, and the current discovery deadline will not permit the parties to complete discovery, the Court will extend the discovery deadline to August 15, 2023. *See* Fed. R. Civ. P. 16(b)(4) (Once the district court issues a scheduling order under Rule 16, the case "schedule may be modified only for good cause and with the judge's consent."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (explaining that the good cause standard "primarily considers the diligence of the party seeking the amendment").

The Court advises Plaintiff that he must fully participate in the discovery process to proceed in this case. Both parties have the right to obtain reasonable discovery, including by deposition. The Court recognizes that Plaintiff is proceeding without the assistance of an attorney, but that does not excuse a failure to respond to discovery requests. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). The Court expects the parties to cooperate in scheduling Plaintiff's deposition.

Plaintiff is hereby advised that he risks sanctions if he does not comply with his discovery obligations. A party that fails to attend his or her own deposition or respond to written

discovery requests may be sanctioned. Fed. R. Civ. P. 37(d). A party that does not produce requested information or documents may be prohibited from using that evidence at trial. Fed. R. Civ. P. 37(b)(2)(A)(ii), (d)(3). For example, in *Charnis v. Watersport Pro, LLC*, No. 2:07CV0623RLH-GWF, 2008 WL 4960433, at *5 (D. Nev. Nov. 20, 2008), the district court held that the plaintiff could not testify about injuries and expenses for medical treatment, or introduce documents about those topics at trial, because he did not produce any information or documents in response to the defendant's discovery requests. The court may also dismiss the case if the plaintiff does not respond to discovery requests. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3); *Blundell v. Cnty. of Los Angeles*, 467 F. App'x 595, 597 (9th Cir. 2012) (upholding district court's dismissal of case after plaintiff repeatedly failed to respond to discovery requests).

## CONCLUSION

Defendant's Motion to Compel [53] is GRANTED IN PART. The discovery deadline in this case is extended to August 15, 2023. The Motion is otherwise DENIED without prejudice.

IT IS SO ORDERED.

DATED:_____June 1, 2023_____.

_____
MARCO A. HERNANDEZ
United States District Judge

5 – OPINION & ORDER