IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERREK DWIGHT GILLIAM,
an individual,

    Plaintiff,

v.

CAIN PETROLEUM, INC.,
an Oregon Corporation,

    Defendant.

No. 3:22-cv-01267-HZ

OPINION & ORDER

Derrek Dwight Gilliam
1435 NE 81st Ave #100
Portland, OR 97213

 *Pro Se*

Bradley J. Krupicka
O'Hagan Meyer
2000 NE 42nd Ave
Portland, OR 97213

 Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Cain Petroleum moves to dismiss the Complaint with prejudice under Federal Rule of Civil Procedure 37 based on Plaintiff's failure to fully participate in discovery. ECF 67. Plaintiff opposes the motion. ECF 69. For the following reasons, the Court grants the motion.

## BACKGROUND

On August 10, 2022, Plaintiff sued Defendant, alleging racial discrimination in employment. Compl. 20-21, ECF 1. Plaintiff has at all times proceeded pro se and *in forma pauperis* in this litigation. The Court held a Rule 16 conference on January 3, 2023, which set a discovery deadline of June 16, 2023. ECF 29. Defendant served its first requests for production and interrogatories on Plaintiff on January 9, 2023. Krupicka Decl. ¶¶ 6-7, Exs. 5-6, ECF 54. The Court held a telephone conference about Plaintiff's incomplete initial disclosures on January 26, 2023, and instructed Plaintiff to provide initial disclosures. ECF 34. On March 22, 2023, the Court held a telephone conference on Plaintiff's incomplete initial disclosures, limited responses to interrogatories, and lack of document production. ECF 50. During these conferences, the Court advised Plaintiff that he needed to participate in the discovery process by providing relevant documents and information to Defendant. At the conference on March 22, the Court advised Plaintiff of the risk of sanctions if he did not participate in discovery, and permitted the parties to file motions to compel as necessary. *Id.*

On May 8, 2023, Defendant moved to compel Plaintiff to provide complete initial disclosures and responses to Defendant's written discovery requests. ECF 53. The evidence submitted with the motion showed that Plaintiff provided brief answers to Defendant's interrogatories by email on April 26, 2023. Krupicka Decl. ¶ 20, Ex. 19, ECF 54. There was no evidence that Plaintiff had responded to Defendant's requests for production. Plaintiff objected

to the motion without providing evidence that he had responded to Defendant's discovery requests or objected to them as unreasonable. ECF 56. The Court found that Plaintiff had not provided complete responses to Defendant's discovery requests. Op. & Ord. 3, ECF 58. After concluding that ordering Plaintiff to provide written responses was not likely to advance discovery, the Court directed Defendant to proceed in deposing Plaintiff. *Id.* at 3-4. The Court "advise[d] Plaintiff that he must fully participate in the discovery process to proceed in this case." *Id.* at 4. The Court also warned Plaintiff that he could be sanctioned if he did not attend his deposition and that his case could be dismissed for failure to participate in discovery. *Id.* at 4-5. The Court extended the discovery deadline to facilitate the deposition of Plaintiff. *Id.*

Counsel for Defendant states that he scheduled Plaintiff's deposition at the date and time Plaintiff suggested, but Plaintiff failed to attend. Krupicka Decl. ¶¶ 6, 10, Ex. 4, ECF 68. On June 16, 2023, counsel for Defendant sent Plaintiff a letter by email and U.S. mail attaching the Court's Opinion and Order on Defendant's Motion to Compel. Krupicka Decl. ¶ 5, Ex. 3. In the letter, counsel stated: "The Court has directed that we proceed with your deposition. Additionally, the Court has advised that you must fully participate in the discovery process in order to proceed in this case and that you risk sanctions for not complying with your discovery obligations, including but not limited to your deposition." *Id.* Counsel asked Plaintiff to confirm his availability by June 23, 2023, and advised that Defendant would set a date and time that worked for counsel if Plaintiff did not respond. *Id.* On June 24, 2023, Plaintiff emailed counsel for Defendant, "July 17 the 2023 me the pro se plaintiff shall be ready." Krupicka Decl. ¶ 6, Ex. 4 at 2. Counsel for Defendant replied on June 27, "Dear Mr. Gilliam, we will then be ready to take your deposition on July 17th at 9:00 am. We will provide you with the exact location at least

3 – OPINION & ORDER

a week before." *Id.* at 1. Plaintiff suggested taking the deposition at the Multnomah law library, but counsel for Defendant stated that it "will be taken at a court reporters office downtown." *Id.*

Defendant served Plaintiff with a notice of deposition by mail and email on July 6, 2023. Krupicka Decl. ¶ 8, Ex. 6. The notice provided that the deposition would occur "on July 17, 2023, commencing at 9:00 a.m., at Veritext Legal Solutions, 1000 SW Broadway Suite 1660, Portland, Oregon 97205." *Id.* Defendant listed the date, time, and place of the deposition in its email to Plaintiff attaching the notice. *Id.* ¶ 2, Ex. 1. Counsel for Defendant states that Plaintiff did not object to the time or place. *Id.* ¶ 8. After Defendant noticed Plaintiff's deposition, Plaintiff called counsel for Defendant and "objected to providing answers to questions under oath." *Id.* ¶ 9. *See also* Pl. Resp. 2. He told counsel for Defendant that he would "plead the Fifth" if he had to answer under oath. Krupicka Decl. ¶ 9; Pl. Resp. 2. He did not object to the location of the deposition. Krupicka Decl. ¶ 9. Counsel for Defendant attended the scheduled deposition, but Plaintiff did not appear. *Id.* ¶ 10.

After Plaintiff failed to appear at his deposition, counsel for Defendant emailed Plaintiff on July 19, 2023, explaining that he intended to move to dismiss the case. *Id.* ¶ 2, Ex. 1. Counsel stated that he was available on Friday [July 21] at noon to confer. *Id.* Plaintiff did not respond to the email or call counsel. *Id.* ¶ 3. Counsel then filed the present motion.

## STANDARDS

District courts have the authority to sanction a party for failure to comply with court orders related to discovery. Fed. R. Civ. P. 37(b)(2). Permissible sanctions for failing to comply with a discovery order include but are not limited to "striking pleadings in whole or in part," "staying further proceedings until the order is obeyed," "dismissing the action or proceeding in whole or in part," and treating the disobedience as contempt of court. Fed. R. Civ. P.

37(b)(2)(A). Because dismissal of the action is a serious sanction, "the losing party's non-compliance must be due to willfulness, fault, or bad faith." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (internal quotations omitted).

> Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Id.* at 948 (internal quotations omitted). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

## DISCUSSION

The Court concludes that the record supports dismissal of Plaintiff's Complaint. The Court directed Plaintiff to submit to a deposition, but Plaintiff failed to attend and provided no adequate reason for his failure. The Court concludes that Plaintiff's failure to participate in discovery is willful, justifying dismissal of this case under the five factors to consider.

**I.    Disobedience of Court Order**

The Court concludes that Plaintiff willfully disobeyed the order to attend his deposition. The Court ordered the parties to cooperate in scheduling a deposition and advised Plaintiff that he needed to participate or he risked sanctions, including dismissal of his case. Op. & Ord. 4-5. Plaintiff failed to attend his deposition. The record shows that Plaintiff's failure to attend was willful and in bad faith. Email communications between Plaintiff and counsel for Defendant show that Plaintiff's deposition was scheduled on the date Plaintiff proposed, and that a notice listing the date, time, and location was sent to him eleven days before the deposition. In his

opposition to the Motion to Dismiss, Plaintiff states that he "did not know the address where the deposition until the opening of join a mail service for people living on the street until two something pm on the 17 of July 2023." Pl. Resp. 1. But Defendant's counsel mailed and emailed Plaintiff the notice of the deposition on July 6, 2023, and listed the date, time, and place of the deposition in the body of the email. Krupicka Decl. Ex. 1. Plaintiff's assertion that he did not see the email, Pl. Resp. 1, is not supported by the record, which shows that Plaintiff and counsel for Defendant exchanged several emails in the two-week period before Defendant's counsel emailed the notice of deposition. Plaintiff's assertion that he did not know the location of the deposition is not credible.

Plaintiff's assertion that defense counsel's change of law firms somehow prevented him from learning the location of the deposition is not credible. *See* Pl. Resp. 1. Defendant acknowledges a notice Plaintiff filed on July 17 stating that counsel for Defendant "tricked" him by moving law firms. Def. Mot. 8; Notice, ECF 64. On July 3, 2023, counsel notified the Court and Plaintiff that he had changed law firms. ECF 61. Counsel notified Plaintiff of the location of the deposition on July 6, 2023. Krupicka Decl. Exs. 1, 6. The change of law firm had no bearing on the location of the deposition, as the deposition was to occur at a court reporter's office.

Further, Plaintiff agrees that he had a phone call with defense counsel on or after July 6. Pl. Resp. 2. Plaintiff confirms that he objected to being deposed under oath and said that he would "plead the fifth." *Id.* Plaintiff states that he offered to discuss the case "without being sworn under oath." *Id.* He states that he objected to testifying under oath because, in his view, Defendant was in contempt of court based on how it answered the Complaint.[1] *Id.* The Court

---

[1] On March 23, 2023, the Court denied Plaintiff's motion to hold Defendant in contempt of court because there was no basis to hold Defendant in contempt. ECF 51.

concludes that Plaintiff willfully failed to attend his deposition because he objected in bad faith to answering questions under oath. Thus, the Court will consider the sanction of dismissal.

## II.  Five-Factor Test

The Court concludes that the five-factor test supports dismissal of this case.

### A.  Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (internal quotations omitted). Plaintiff filed this case over one year ago, and almost no discovery has occurred due to Plaintiff's failure to cooperate. This factor favors dismissal.

### B.  Court's Need to Manage Docket

The Court's need to manage its docket also favors dismissal. District courts must be able to manage their dockets "without being subject to endless non-compliance with case management orders." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). The Court has already held two discovery conferences and adjudicated a motion to compel, all due to Plaintiff's refusal to fully participate in discovery. The Court also extended the discovery deadline. Plaintiff has repeatedly disregarded the Court's directive to participate in discovery. His conduct has caused undue delay and required frequent judicial intervention.

### C.  Risk of Prejudice to Defendant

The risk of prejudice to Defendant also favors dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Failure to produce documents as ordered or appear at a deposition constitutes prejudice. *Id.* Defendant asserts that it "is prejudiced because it cannot defend against Gilliam's claims, as

7 – OPINION & ORDER

it has not been able discover relevant information from Gilliam about the facts that form the basis of his claims or the facts that underline potential defenses." Def. Mot. 9. Defendant has received minimal responses to its interrogatories and no responses to its requests for production. Plaintiff failed to appear at his deposition after objecting to answering questions under oath. This lack of discovery responses impairs Defendant's ability to go to trial and impedes the rightful decision of the case. Plaintiff has indicated no intention to supplement his discovery responses or a willingness to be deposed under oath. His conduct has prejudiced Defendant's ability to respond to his claims.

    D.     Public Policy Favoring Disposition on the Merits

The public policy favoring disposition on the merits weighs against dismissal, but not heavily. In general, this factor will weigh against dismissal, but it "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228 (internal quotations omitted). Plaintiff has failed to move this case toward disposition on the merits because he has failed to provide Defendant with the discovery necessary to facilitate disposition on the merits.

    E.     Availability of Less Drastic Sanctions

This factor also favors dismissal. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *In re PPA*, 460 F.3d at 1228 (internal quotations omitted).

> Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the courts, . . . dismissal of the suit unless new counsel is secured[,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel . . . .

*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (internal quotations omitted). "[W]arning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Id.* at 132.

    The Court already employed the lesser sanction of warning Plaintiff that he faced sanctions for failure to comply with his discovery obligations, including the possibility of dismissal of this case. Despite multiple admonishments to participate in discovery and warnings that he could be sanctioned for failure to do so, Plaintiff has failed to comply. Plaintiff is not represented by counsel, so sanctions on counsel are not available. And because Plaintiff is proceeding *in forma pauperis*, the Court agrees with Defendant that monetary sanctions (whether a fine or imposition of costs and fees) are not appropriate. *See* Def. Mot. 10. Finally, because Plaintiff has only a single claim, preclusion of claims would have the same effect as dismissal of the case. Alternative sanctions would not be adequate here.

    In sum, four of the five factors favor dismissal, and the other weighs only slightly against dismissal. Plaintiff has willfully failed to comply with his discovery obligations despite repeated warnings from the Court. The Court concludes that dismissal is an appropriate sanction here. *E.g.*, *Henry*, 983 F.2d at 947-49 (upholding dismissal of plaintiff's complaint as discovery sanction where plaintiff failed to answer interrogatories or produce all responsive documents and twice cancelled his deposition at the last minute). The Court will therefore dismiss Plaintiff's Complaint with prejudice.

//
//
//
//

9 – OPINION & ORDER

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss [67].

IT IS SO ORDERED.

DATED:__September 6, 2023____.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

10 – OPINION & ORDER